VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-076



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2024

State of Vermont v. Jamie Bone\*

}   APPEALED FROM:
}   Superior Court, Essex Unit,
}   Criminal Division
}   CASE NO. 21-CR-04404
    Trial Judge: Justin P. Jiron

In the above-entitled cause, the Clerk will enter:

Defendant entered a conditional guilty plea to driving under the influence (DUI).  She appeals from the denial of her motion to suppress.  We affirm.

In charging defendant with DUI, the State alleged the following.  In May 2021, around 6:00 a.m., police received a call regarding a woman passed out in her vehicle.  The woman (defendant) was evaluated by emergency personnel but drove away before police arrived.  Police questioned defendant at her home and observed signs of intoxication.  Defendant was processed for DUI at the police barracks and her breath test result was .092% approximately two hours after operation.

Defendant moved to suppress the evidentiary test result.  Defendant was provided with copies of videos from the police officer's dashboard camera but she argued that suppression was required because law enforcement failed to preserve video footage of her DUI processing at the police barracks.  The State opposed the motion.  It argued that the law did not require that DUI processing be recorded.  Instead, the applicable statute provided that if a recording was made, it needed to be preserved for a certain period.  See 23 V.S.A. § 1203(j).  The State argued that no video was created in this case and thus, it could not be produced.  Even if one had been created and lost, the State asserted that suppression would not be warranted as defendant made no showing that the video would be favorable to her.

At a hearing on the motion, defendant relied on deposition testimony of the investigating officer and the administrative clerk of the police barracks.  The court was unpersuaded by defendant's argument and denied her motion.  It made the following findings.  The administrative clerk could not find a video of defendant's DUI processing or locate any definitive proof that such a video was ever made.  The clerk produced everything he could find in the evidence library regarding defendant's case.  The clerk stated that the officer investigating the case was responsible for recording the DUI processing, downloading the video, and making a

CD or DVD of the video. He indicated that videos in the evidence library were available for fifty-eight days after they were created.

The officer who arrested and processed defendant stated that he could not remember if he made and downloaded a video of defendant's processing at the barracks. He said that he normally made and downloaded videos onto a CD or DVD, and then made the video available to the clerk. The officer could not delete videos on his own. The officer also stated that sometimes the system was down. Based on this information, the court found that if a video was made and accessible, the officer would likely have given the video to the clerk shortly after processing defendant. If there was a video within the evidence library, the system would have deleted it by the time that the clerk was asked to confirm its existence in this case. The court found no evidence of bad faith.

The court ultimately determined that defendant failed to show that a video of her processing was made. At most, the trooper could state only that his general practice was to make a video when processing a DUI defendant. He could not recall, however, if he actually made such a video when processing defendant. Without proof that a video was made, the court could not require a party to disclose such evidence or penalize a party for losing it. The court explained that the law and the rules of evidence did not require that a video of a defendant's processing be made; they required only that a video be preserved if it was made. The court was also unpersuaded by defendant's generalized assertion that her constitutional rights were violated. The court thus denied defendant's motion to suppress. This appeal followed.

Defendant argues that the court erred in finding that no processing video was made. She cites evidence that she believes supports her position, such as the trooper's testimony that it was his habit to make such videos. Defendant also refers to the clerk's testimony as to how long videos are retained and speculates that the video was created but no longer accessible due to the passage of time. Assuming this argument fails, defendant cites to a concurring opinion in State v. Hayes in support of her assertion that the failure to make a recording does not absolve the State. 2016 VT 105, ¶ 33, 203 Vt. 153 (Robinson, J., concurring) (arguing that, as general matter, videorecording of roadside stops should not be excluded from general rule that "a failure to collect evidence (that officers have no statutory or constitutional duty to collect) may be so negligent with reference to reasonable policing norms and so prejudicial as to warrant further consideration by the Court"). Assuming that the evidence did exist and was lost, defendant argues that she established a reasonable probability that the evidence would have been favorable and that a balancing of relevant factors set forth in State v. Bailey, 144 Vt. 86 (1984), warrants suppression here.

"On appeal from denial of a motion to suppress, we review the trial court's legal conclusions de novo and will uphold its findings of fact unless clearly erroneous." State v. Therrien, 2011 VT 120, ¶ 5, 191 Vt. 24. "Under the clearly erroneous standard, [this Court] will uphold the [trial] court's factual findings unless, taking the evidence in the light most favorable to the prevailing party, and excluding the effect of modifying evidence, there is no reasonable or credible evidence to support them." State v. Nault, 2006 VT 42, ¶ 7, 180 Vt. 567 (mem.) (citation omitted).

Defendant fails to show that the court's finding regarding the video is clearly erroneous. The officer testified that it was his habit to make a processing video, and it was likely he did so based on his habit and experience. But he could not remember if he made a video in this case, and he acknowledged that sometimes he forgot to do so in other cases. The clerk was unable to

2

locate any definite proof that the recording was ever made. It was for the trial court to weigh the evidence and make a factual determination whether such a video was made. The trial court determined in this case that the evidence was insufficient to support a finding that the video was made, and we leave it to the trial court to weigh the evidence and assess the credibility of witnesses. See id.; see also Meyer v. United States, 638 F.2d 155, 158 (10th Cir. 1980) (stating that "evidence of habit or routine was to be weighed and considered by the trier of the facts in the same manner as any other type of direct or circumstantial evidence," and "weight to be given to any testimony depends upon the particular circumstances"). The clerk's testimony about how long videos are maintained in the system does not undermine the court's finding that no video was created. Nor does the concurring opinion in Hayes assist defendant. The majority recognized in Hayes that "there is no legal duty to record roadside stops," and it thus concluded that the "officer's failure to record the stop was not negligent." 2016 VT 105, ¶ 16. The concurring opinion disagreed with the majority's rationale, arguing that the Court should recognize that there might be circumstances where "a failure to collect [video] evidence (that officers have no statutory or constitutional duty to collect) [is] so negligent with reference to reasonable policing norms and so prejudicial as to warrant further consideration by the Court." Id. ¶ 33 (Robinson, J., concurring). The reasoning in the concurrence is not binding on this Court, nor is there any showing that the facts here would fall within the type of case that concerned the concurring Justice.

Because we conclude that the court did not err in finding that no video was created, we do not reach defendant's remaining arguments.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Nancy J. Waples, Associate Justice